STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
March 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AMANDA S. HERSMAN,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1168**  (BOR Appeal No. 2047068)
(Claim No. 2010116715)

**CPI IMAGES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amanda S. Hersman, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. CPI Images, LLC, by Jonathan Jacks and Lisa W. Hunter, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 9, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 6, 2010, decision denying authorization for chiropractic treatments; its October 12, 2010, decision denying a request to reopen the claim for temporary total disability benefits; and its February 4, 2011, decision denying a request to add additional compensable components to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hersman was employed as a photo studio manager and was injured on December 5, 2009, when she became entangled in a drapery and fell. On December 23, 2009, the claim was held compensable for sprain of the coccyx, and Ms. Hersman was granted temporary total disability benefits from December 6, 2009, through December 13, 2009. On February 23, 2010, Prasadarao Mukkamala, M.D., performed an independent medical evaluation and found that Ms.

1

Hersman has reached maximum medical improvement. On February 28, 2010, lumbar and thoracic spine MRIs were performed, which revealed only congenital abnormalities. On July 6, 2010, the claims administrator denied a request for authorization of chiropractic treatments. On August 11, 2010, Bradley George, D.C., filed a reopening application. He indicated on the application that there has not been a progression or aggravation of the compensable injury. Additionally, he requested authorization for chiropractic treatment and stated that Ms. Hersman was temporarily and totally disabled from June 29, 2010, through September 1, 2010. On October 12, 2010, the claims administrator denied a request to reopen the claim for temporary total disability benefits. On February 4, 2011, the claims administrator denied a request to add sprain of the hip and thigh, sacroiliac sprain, lumbar sprain, and thoracic or lumbosacral neuritis or radiculitis as compensable components of the claim. In a letter to Ms. Hersman's attorney dated April 25, 2011, Dr. George stated that sprain of the hip, sacroiliac sprain, lumbar sprain, and lumbosacral neuritis or radiculitis are the diagnoses that are most representative of Ms. Hersman's compensable injury. He further stated that he believes that she should receive temporary total disability benefits and that chiropractic treatment is necessary because it is the only treatment that has given her relief. David Soulsby, M.D., performed an independent medical evaluation on June 10, 2011, and found that Ms. Hersman had reached maximum medical improvement. He found that there is no evidence that Ms. Hersman suffered a sprain of the hip, thigh, sacroiliac joint, lumbar spine, thoracic spine, or lumbosacral region. He further found that there is no evidence of lumbosacral neuritis or radiculitis resulting from the compensable injury. He concluded that chiropractic treatment would not be useful in the treatment of the compensable injury.

In its Order affirming the July 6, 2010, October 12, 2010, and February 4, 2011, claims administrator's decisions, the Office of Judges held that a preponderance of the evidence fails to demonstrate that chiropractic treatment is medically related and reasonably necessary for the treatment of the compensable injury; that Ms. Hersman has failed to show a prima facie cause for reopening the claim for temporary total disability benefits; and that sprain of the hip and thigh, sacroiliac sprain, lumbar sprain, and thoracic or lumbosacral neuritis or radiculitis should not be added as compensable components of the claim. Ms. Hersman disputes this finding and asserts that the evidence of record demonstrates that chiropractic treatment is medically related and reasonably required for the treatment of her compensable injury, that she is entitled to have her claim reopened for temporary total disability benefits, and that the requested diagnoses should be added as compensable components of the claim.

The Office of Judges found that given Dr. Soulsby's opinion that chiropractic treatment would not be beneficial for the treatment of the compensable injury, the essentially negative MRIs of record, the compensability of only sprain of the coccyx, and the fact that Ms. Hersman has reached maximum medical improvement, the evidence of record indicates that the claims administrator's denial of authorization for chiropractic treatment was proper. With regard to Ms. Hersman's request to reopen the claim, the Office of Judges noted that Dr. George indicated on the reopening application that no progression or aggravation of the compensable injury had occurred. The Office of Judges then found that no medical documentation was submitted supporting the reopening application. The Office of Judges further found that Ms. Hersman has failed to demonstrate that she suffered an aggravation or progression of her compensable injury.

2

With regard to Ms. Hersman's request for a diagnosis update, the Office of Judges found that there is no objective medical evidence demonstrating that she suffered an injury to the thoracic or lumbar spine. The Office of Judges then found that the addition of additional diagnoses to the claim one year after Ms. Hersman has reached maximum medical improvement is not supported by the evidentiary record. The Board of Review reached the same reasoned conclusions in its decision of September 21, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3